```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEBRASKA

HAROLD REYNOLDS,                )
COMMUNITY TELECAST, INC.,       )
                                )
              Plaintiffs,       )            8:13CV86
                                )
       v.                       )
                                )
COX CABLE, COX COMMUNICATIONS,  )            ORDER
JOHN DOES 1-10,                 )
                                )
              Defendants.       )
_____)
```

This matter is before the Court on the motion of plaintiffs to proceed in forma pauperis under 28 U.S.C. § 1915 (Filing No. 2). Under the statute the Court may authorize commencement of a suit "without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must resolve two basic questions before considering the merits of plaintiffs' motion: (1) whether the statute's reference to "such prisoner" excludes non-prisoners from its coverage; and (2) whether plaintiff Community Telecast, Inc. is entitled to proceed in forma pauperis as a "person" under the statute.

I. Non-Prisoners

Three federal circuit courts and the Court of Federal Claims have found that the legislative history and a reading of the statute as a whole indicate that prisoners and non-prisoners

alike are entitled to petition a federal court to proceed in forma pauperis under § 1915.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004)*; Haynes v. Scott*, 116 F.3d 137, 139 (5th Cir. 1997); *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997); *Hayes v. United States*, 71 Fed.Cl. 366 (2006).  This Court finds the reasoning of those courts persuasive and therefore finds that plaintiffs' status as non-prisoners does not bar them from petitioning the Court.

II. "Person"

The Supreme Court has held unequivocally that the term "person" in § 1915 refers only to natural persons.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 208-09 (1993).  Thus, while plaintiff Reynolds may be permitted to proceed in forma pauperis as a "person" under the statute, Community Telecast, Inc. cannot.  While Reynolds has the option of pursuing any claims that accrue to him personally in a suit independent of the corporation, if the parties choose to continue the litigation together, Community Telecast must pay the appropriate fees.

III. Merits of Reynolds's Motion

In reviewing Reynold's affidavit, the Court noted that the plaintiff listed assets as "none" but also listed a monthly mortgage payment which suggests that plaintiff is in possession of an asset which has been used as security against a loan.

Reynolds must resolve this apparent contradiction so that the Court can make a determination based on a full and accurate picture of his financial circumstances.

IT IS ORDERED:

1) Plaintiff Community Telecast, Inc.'s motion to proceed in forma pauperis is denied with prejudice.

2) Plaintiff Harold Reynolds's motion to proceed in forma pauperis is denied without prejudice.

DATED this 28th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court